[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 05-10212
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 19, 2005
THOMAS K. KAHN
CLERK

D.C. Docket No. 02-02924-CV-WBH-1

GINA LYNN WATERS,

Plaintiff-Appellant,

versus

HOME DEPOT U.S.A., INC.,

Defendant-Appellee.

----------------------------------------------------------------

Appeal from the United States District Court
for the Northern District of Georgia

----------------------------------------------------------------

(December 19, 2005)

Before EDMONDSON, Chief Judge, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Gina Lynn Waters appeals the district court's grant of

summary judgment in favor of her former employer, Home Depot U.S.A., Inc.

(Home Depot), in her action claiming sex discrimination, in violation of Title VII, 42 U.S.C. § 2000e-3. No reversible error has been shown; we affirm.

Plaintiff claimed that Home Depot discriminatorily terminated her employment after a January 2002 corporate restructuring. Plaintiff had been employed as a Divisional Sales Merchant (DSM) in Department 27, which included fans and lighting, for Home Depot's Atlanta-based Midsouth region. With the restructuring, Home Depot merged the Midsouth region and the Tampa-based Southern region into the Atlanta-based Southeast region. The result was that twice as many DSMs existed as DSM jobs. Plaintiff was not selected for a DSM position in the consolidated Southeast region. Plaintiff was given time to find another position with Home Depot before her employment would be terminated. Meanwhile, Plaintiff applied, but was not selected, for a position as a New Store Merchandising Manager (NSMM). Plaintiff challenged the selection of three men to DSM positions: Tad McIntosh (DSM for lighting), Gary Harvin (DSM for electrical), and Mitch Waldman (DSM for plumbing). And Plaintiff disputed the selection of four men to NSMM positions: Chris Kruger, Jim McDougal, Steve Messana, and Rodney Hicks.

We review a district court's grant of summary judgment de novo, viewing the facts--as supported by the evidence in the record--and reasonable inferences

from those facts in the light most favorable to the nonmoving party. Young v. City of Palm Bay, Fla., 385 F.3d 859, 860 (11th Cir. 2004). Summary judgment is appropriate when no genuine issue of material fact exists. Id.

To evaluate a claim of discrimination based on circumstantial evidence, we use the familiar burden-shifting framework established by the Supreme Court in McDonnell Douglas Corp. v. Green, 93 S.Ct. 1817 (1973). In this framework, Plaintiff must establish a prima facie case of discrimination, which creates a presumption of discrimination. Home Depot then must offer a legitimate, nondiscriminatory reason for the employment act to rebut the presumption. If Home Depot successfully rebuts the presumption, the burden shifts back to Plaintiff to discredit the proffered nondiscriminatory reason by showing that it is pretextual. Id. at 1824-25.

We need not decide whether Plaintiff established a prima facie case of discrimination. Instead, we conclude that Plaintiff failed to show that Home Depot's proffered reason for not selecting her for a DSM or NSMM position after the merger--that the selected candidates were better qualified--was a pretext for

3

discrimination.  We discuss only some of the evidence of pretext on which

Plaintiff relies.[1]

Plaintiff asserts that Home Depot offered inconsistent explanations for why

she did not receive a position after the merger.  She claims that Home Depot stated

that it did not offer her a DSM position because of her review scores and her lack

of in-store experience.  But she asserts that the evidence suggests (1) that Home

Depot did not consider reviews in making the decisions and (2) that Plaintiff had

in-store experience but that Stu Voigts, the decision maker for the post-merger

DSM positions, was not advised of this fact.

Plaintiff correctly observes that inconsistencies in an employer's testimony

can be evidence of pretext.  See Bechtel Constr. Co. v. Sec'y of Labor, 50

F.3d 926, 935 (11th Cir. 1995) (in proceeding before ALJ, employer gave

plaintiff's attitude as reason for termination, but on appeal employer claimed

---

[1] We reject, for the reasons set forth in the magistrate judge's report and adopted by the district court, Plaintiff's evidence about (1) the alleged difficulty of Stu Voigts, who selected the Southeast region DSMs after the merger, in working with women due to the jealousy of his wife, (2) an alleged remark that McIntosh and Harvin received DSM positions because "these men had families and they had to be looked out for," (3) a remark by Duane Goodwin to an interviewer that "under no circumstances" would Plaintiff receive a position as an import re-buyer, (4) a comment by Jerry Edwards to an interviewer during Plaintiff's interview for an expo merchant position that Plaintiff could not have the position because of the timing of her impending termination, and (5) anecdotal statistics that only one woman filled a DSM position in the consolidated Southeast region.  The magistrate judge rejected this evidence in the context of Plaintiff's prima facie case of discrimination.  But the magistrate's analysis applies equally to Plaintiff's argument that this evidence shows pretext.

4

reasons were plaintiff's job performance and medical condition). But we do not discern such an inconsistency in Home Depot's reason for not selecting Plaintiff to a DSM position.

Voigts stated that, when selecting persons for the DSM positions, he did not look at the candidates' reviews. In its responses to Plaintiff's interrogatories, Home Depot indicated that it based its decision to select McIntosh over Plaintiff for a DSM position because McIntosh, in Home Depot's judgment, was better qualified. Home Depot then pointed out that McIntosh had received some recent, better reviews than Plaintiff and that he had both in-store and merchandising experience. But, contrary to Plaintiff's suggestion, Home Depot's response does not state that Voigts considered reviews in making his decision. And as Plaintiff concedes, Voigts was not aware of her earlier in-store experience--with a rival home improvement company--when he made the DSM selections. Thus, Plaintiff has not created a genuine issue of material fact that Home Depot proffered inconsistent reasons on which it based its employment decisions.[2]

---

[2] Plaintiff also claimed that Home Depot earlier discriminated against her by promoting a male, Brendon Murphy, over her to the Global Product Merchant (GPM) position in August 2001. The district court determined that this claim was time-barred. Plaintiff expressly abandons the GPM failure-to-promote claim. But she argues that the circumstances surrounding this claim are relevant to showing pretext on the termination claim because--similar to the McIntosh DSM selection-- Home Depot provided allegedly inconsistent explanations. We disagree. For example, Plaintiff asserts that Home Depot explained that she did not receive the GPM position because her reviews were not as good as Murphy's reviews. The GPM decision-maker, Mark Huffman, stated that he

Plaintiff also argues that she can show pretext because she was better qualified for the DSM and NSMM positions than the selected male employees. To do so, Plaintiff not only must show that she is more qualified than the persons selected, but she must establish that the disparities in the qualifications "are so apparent as virtually to jump off the page and slap you in the face." Lee v. GTE Fla., Inc., 226 F.3d 1249, 1254 (11th Cir. 2000) (citation omitted).

Plaintiff has not satisfied her burden on this issue. Plaintiff conceded below that she was qualified equally to McIntosh and she testified that she did not know if she was better qualified than Harvin. And, as the magistrate judge correctly determined, she has not shown that the disparities between her qualifications and those of Waldman, and the male employees selected for the NSMM positions, were "so great that a reasonable fact-finder could infer that [Home Depot] did not believe [Plaintiff] to be better qualified." Cofield v. Goldkist, Inc., 267 F.3d 1264, 1268 (11th Cir. 2001). In other words, Plaintiff has failed to show that she was so

---

did not look at the candidates' reviews when he selected Murphy. A review of Home Depot's interrogatory responses shows that Home Depot stated that it chose Murphy because, in its judgment, Murphy was the better-qualified candidate. Home Depot then pointed out that Murphy had some better reviews than Plaintiff. But, as with the McIntosh DSM selection, Home Depot's response does not state that Huffman considered reviews in making the GPM promotion decision. The circumstances of the Murphy GPM promotion do not suggest pretext in the McIntosh DSM selection.

much more qualified for the DSM or NSMM positions as to permit an inference of intentional discrimination.

AFFIRMED.